UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUINEVERE M. MESZAROS,

    Plaintiff,

-vs-

WILLIAM BEAUMONT HOSPITAL, d/b/a
BEAUMONT HOME CARE,

    Defendant.

Case No. 13-

Hon.

---

Barry S. Fagan  (P34275)
D<small>IB AND</small> F<small>AGAN</small>, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
bfagan@dibandfagan.com

---

## **COMPLAINT AND JURY DEMAND**

There is no other pending or resolved civil action
arising out of the transaction or occurrence
alleged in the Complaint.

    NOW COMES Plaintiff, GUINEVERE M. MESZAROS, by and through her attorneys, D<small>IB AND</small> F<small>AGAN</small>, P.C., and for her cause of action against Defendant, states as follows:

### **JURISDICTIONAL ALLEGATIONS**

    1.    Plaintiff, GUINEVERE M. MESZAROS, formerly known as McCUTCHEON (hereinafter "MESZAROS") is an individual residing in the City of Troy, County of Oakland, State of Michigan.

    2.    Defendant, WILLIAM BEAUMONT HOSPITAL, d/b/a BEAUMONT HOME

CARE, (hereinafter "BEAUMONT") is a Michigan Corporation and at all times pertinent hereto engaged in business in the County of Oakland, State of Michigan.

3. This Court has jurisdiction pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 et seq; as amended by the ADA Amendments Act of 2008, 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §1367 (supplemental).

4. The amount in controversy is in excess of $75,000.00, exclusive of interest, costs, attorney fees, and punitive damages.

## GENERAL ALLEGATIONS

5. Plaintiff applied for the position of R.N. Care Manager with BEAUMONT on September 30, 2011.

6. Plaintiff was interviewed for the position and ultimately offered the position with a start date of October 17, 2011.

7. Plaintiff attended a physical examination through Defendant on October 5, 2011. At the physical examination, Ms. MESZAROS identified her treating physician as Dr. Daniel Michael at Beaumont Hospital.

8. Plaintiff's physical examination was conducted by a physician's assistant.

9. Following the examination, on October 5, 2011, a letter was sent to Plaintiff's treating orthopedic surgeon, Dr. Michael, from Beaumont Occupational Health with a copy of the job description for Plaintiff's position and requested feedback from Dr. Michael regarding his recommendations.

10. In response, on October 11, 2011, Dr. Michael provided correspondence to Beaumont Occupational Health indicating that he had seen Plaintiff on October 11, 2011 and she was capable of working without restrictions on October 17, 2011.

11. On October 14, 2011, Plaintiff was provided a clearance document from Occupational Health Services authorizing her for work.

12. As a result, Defendant BEAUMONT provided Plaintiff with authorization to obtain her employee badge and confirmed Plaintiff's start date for October 18, 2011.

13. Subsequently, a representative from Defendant's HR Department contacted Plaintiff to inform her that she had a restriction of "no climbing stairs/ladders" and that her start date would be delayed until it was confirmed whether the department could accommodate the restriction.

14. In response, Plaintiff indicated that she did not have such restriction and that she had provided documentation to Occupational Health Services from her treating physician confirming same.

15. Subsequently, Plaintiff was informed that based upon a restriction imposed by the Occupational Health Services Department, that the job offer was rescinded.

16. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on October 20, 2011 alleging that she was discriminated against based upon her disability in violation of the Americans with Disabilities Act.

17. On August 29, 2012 a determination was sent by the Equal Employment Opportunity Commission finding that the evidence supported a violation of Title I of the Americans with Disabilities Act of 1967, as amended.

18. A Notice of Right to Sue was issued to Plaintiff on February 15, 2013.

## COUNT I
## VIOLATION OF AMERICANS WITH DISABILITIES ACT

19. Plaintiff incorporates paragraphs 1 through 18 above as if specifically

repeated herein.

20. At all times hereto, Plaintiff was an "employee" and Defendant was an "employer" within the meaning of the Americans with Disabilities Act, herein referred to as the "ADA".

21. At all times relevant hereto, MESZAROS suffered from a disability, was regarding by Defendant as suffering from a disability, and/or had a history of a disability under the ADA.

22. Defendant had a duty under the ADA not to discharge or otherwise discriminate against MESZAROS in her employment on the basis of such disability, perceived disability, and/or history of disability.

23. MESZAROS's disability did not affect her ability to perform the essential functions of her job.

24. Defendant violated Plaintiff's rights under the ADA, on the basis of her disability, perceived disability, and/or history of disability by, including, but not limited to, the following:

    (a) Rescinding Plaintiff's job offer on October 18, 2011;

    (b) Other acts of discrimination with respect to the terms, conditions, and privileges of Plaintiff's employment.

25. As a result of Defendant's discriminatory and retaliatory conduct toward Plaintiff, Plaintiff has suffered substantial economic and non-economic injuries and damages, past and future, including, but not limited to:

    (a) Loss of wages, both in the past and in the future;

    (b) Loss of the value of benefits, both in the past and in the future;

    (c) Loss of promotional opportunities;

(d) Loss of earning capacity;

(e) Extreme embarrassment, humiliation, mental anguish, disappointment, outrage and indignity;

(f) Other injuries and damages that become known through the discovery process.

26. The above-referenced discriminatory conduct by Defendant toward Plaintiff was malicious and/or engaged in with reckless indifference to Plaintiff's federally protected civil rights and, as a result, Plaintiff is entitle to punitive damages.

27. Plaintiff also seeks equitable relief, including back-pay, front-pay, or other equitable relief the Court deems appropriate.

WHEREFORE, Plaintiff prays for Judgment against Defendant, in whatever amount the Court or jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, together with interest, costs, punitive damages, and attorney fees. Plaintiff also seeks equitable relief including back-pay, front-pay, or other equitable relief the Court deems appropriate.

## COUNT II
## VIOLATION OF THE PERSONS
## WITH DISABILITIES CIVIL RIGHTS ACT

28. Plaintiff incorporates paragraphs 1 through 27 above as if specifically repeated herein.

29. At all times relevant herein, Plaintiff was an "employee" and Defendant was an "employer" under the Michigan Persons with Disabilities Civil Rights Act, hereinafter referred to as the "PWDCRA," MCL 37.1101 et seq.

30. At all times relevant hereto, Plaintiff had a disability, was regarded by Defendant as having a disability, and/or had a history of a disability under the

PWDCRA.

31. Defendant had a duty under the PWDCRA, not to discharge or otherwise discriminate against Plaintiff in her employment on the basis of such disability, perceived disability, and/or history of disability.

32. Plaintiff's disability did not affect her ability to perform the essential functions of her job.

33. Defendant violated Plaintiff's rights under the PWDCRA, and Plaintiff's disability, perceived disability, and/or history of disability was a motive or reason that made a difference in Defendant's conduct, including, but not limited to, the following:

    (a) Rescinding Plaintiff's job offer on October 18, 2011;

    (b) Other acts of discrimination with respect to the terms, conditions, and privileges of Plaintiff's employment.

34. As a result of Defendant's discriminatory and retaliatory conduct toward Plaintiff, Plaintiff has suffered substantial economic and non-economic injuries and damages, past and future, including, but not limited to:

    (a) Loss of wages, both in the past and in the future;

    (b) Loss of the value of benefits, both in the past and in the future;

    (c) Loss of promotional opportunities;

    (d) Loss of earning capacity;

    (e) Extreme embarrassment, humiliation, mental anguish, disappointment, outrage and indignity;

    (f) Exemplary damages;

    (g) Attorney fees;

    (h) Other injuries and damages that become known through the discovery process.

35. Plaintiff also seeks equitable relief, including back-pay, front-pay, or other equitable relief the Court deems appropriate.

WHEREFORE, Plaintiff prays for Judgment against Defendant, in whatever amount the Court or jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, together with interest, costs, and attorney fees. Plaintiff also seeks equitable relief including back-pay, front-pay, or other equitable relief the Court deems appropriate.

    Respectfully submitted,

    DIB AND FAGAN, P.C.

    By: /s/ *Barry S. Fagan*
       Barry S. Fagan  (P34275)
       Attorney for Plaintiff
       25892 Woodward Avenue
       Royal Oak, MI  48067-0910
       (248) 542-6300

Dated:  May 10, 2013       bfagan@dibandfagan.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUINEVERE M. MESZAROS,

    Plaintiff,

-vs-

WILLIAM BEAUMONT HOSPITAL, d/b/a
BEAUMONT HOME CARE,

    Defendant.

Case No. 13-

Hon.

---

Barry S. Fagan  (P34275)
DIB AND FAGAN, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
bfagan@dibandfagan.com

---

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, by and through her attorneys, DIB AND FAGAN, P.C., and hereby demands trial by jury on the above matter.

    Respectfully submitted,

    DIB AND FAGAN, P.C.

    By: /s/ *Barry S. Fagan*
        Barry S. Fagan  (P34275)
        Attorney for Plaintiff
        25892 Woodward Avenue
        Royal Oak, MI  48067-0910
        (248) 542-6300
        bfagan@dibandfagan.com

Dated:  May 10, 2013